UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Vanguard Dealer Services, LLC, et al.,<br><br>Plaintiffs<br><br>v.<br><br>Jorge Cervantes, et al.,<br><br>Defendants | Case No.: 2:21-cv-01121-JAD-EJY<br><br>**Order Dismissing Claims against Robert Konzen for Want of Personal Jurisdiction and Granting in Part Jorge Cervantes and CEC Industries' Motion to Dismiss**<br><br>[ECF Nos. 30, 41] |

Vanguard Dealer Services, LLC and Motor Dealer Services Group, LLC sue Jorge Cervantes, Robert Konzen, and CEC Industries Inc. for misappropriating trade secrets, breach of contract, and various state-law torts. Konzen moves to dismiss, arguing that the court lacks personal jurisdiction over him and that the amended complaint fails to state a claim against him. Cervantes and CEC Industries also move to dismiss, arguing that Vanguard does not have standing to bring its breach-of-contract claim and that the complaint fails to state any other claims. I grant Konzen's motion to dismiss because this court lacks personal jurisdiction over him. And I grant Cervantes and CEC Industries' motion to dismiss in part and give plaintiffs leave to amend their fraud and tortious-interference claims.

## Background[1]

Motor Dealer Services Group, doing business as Expert Dealer Services (EDS), sells "aftermarket products and services to motor[-]vehicle dealerships."[2] EDS and Jorge Cervantes,

---

[1] These facts are taken from plaintiffs' amended complaint (ECF No. 21) and are not intended as findings of fact.

[2] ECF No. 21 at ¶ 10.

on behalf of Dealers Direct Systems,[3] signed an agency agreement retaining Cervantes and Dealers Direct to sell EDS's services to dealerships.[4] In December 2018, Cervantes told EDS that Robert Konzen owned businesses that offered services similar to EDS's and that he might be interested in selling one of them.[5] Cervantes encouraged EDS to meet with Konzen.[6]

Throughout 2019, EDS and Konzen held preliminary discussions about doing business together.[7] In August 2019, Vanguard purchased EDS. Konzen continued his discussions with Vanguard, but they didn't reach a deal.[8] When EDS became a Vanguard affiliate, Cervantes was told to market additional products to EDS's customers Giant RV and Thompson RV, but he "continually told EDS he was having trouble doing so."[9] Cervantes accepted payments from Vanguard for his agency services between November 2019 and October 2020.[10] In October 2020, Giant RV and Thompson RV terminated their relationship with EDS.[11] When Cervantes was asked about the customers' decisions, Cervantes "denied knowing anything" about why the customers left "and averred that he had nothing to do with it."[12] In March 2021, Vanguard and EDS discovered that both of their prior customers were doing business with Konzen-affiliated

---

[3] The plaintiffs allege that Dealers Direct Systems is an alternative name for CEC Industries Inc. ECF No. 21 at ¶ 4. Cervantes and CEC appear to dispute that these entities are one and the same. ECF No. 41 at 5–6.

[4] ECF No. 21 at ¶ 11; ECF No. 21-1 (agency agreement).

[5] *Id.* at ¶ 17.

[6] *Id.* at ¶ 18.

[7] *Id.* at ¶¶ 24, 30.

[8] *Id.* at ¶¶ 30–32.

[9] *Id.* at ¶ 33–34.

[10] *Id.* at ¶ 35.

[11] *Id.* at ¶ 36.

[12] *Id.* at ¶ 37.

companies and that Cervantes "was and is still servicing" those accounts.[13] They allege that Cervantes diverted their business to Konzen, violating their contract and agency relationship and misappropriating trade secrets in the process.

## Discussion

### I.   This court lacks personal jurisdiction over Konzen.

The Fourteenth Amendment's Due Process Clause limits a court's power to bind a nonresident defendant to a judgment in the state in which it sits.[14] "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required," for a court to exercise personal jurisdiction, "the nonresident generally must have 'certain minimum contacts such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[15] "[When] a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."[16] "Where, as here, the motion is based on written materials rather than an evidentiary hearing," the inquiry is whether the plaintiffs, through their "pleadings and affidavits[,] make a prima facie showing of personal jurisdiction."[17] "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction."[18] Konzen moves to dismiss the claims against him, arguing that his connection to

---

[13] *Id.* at ¶¶ 38–39.

[14] *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Because Nevada's long-arm statute grants courts jurisdiction over persons "on any basis not inconsistent with" the U.S. Constitution, Nev. Rev. Stat. § 14.065, the jurisdictional analyses under state law and federal due process are identical. *Walden*, 571 U.S. at 283.

[15] *Id.* (ellipses omitted) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[16] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

[17] *Id.* (citations omitted).

[18] *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

Nevada is too tenuous for this court to exercise personal jurisdiction over him. Plaintiffs contend that this court has general personal jurisdiction over Konzen, so I limit my analysis to that form of jurisdiction only.[19]

General jurisdiction is far-reaching and permits a defendant to be sued in the forum for conduct "anywhere in the world."[20] "But that breadth imposes a correlative limit: [o]nly a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction."[21] This standard is "exacting" and requires a nonresident defendant to "engage in continuous and systematic general business contacts . . . approximat[ing] physical presence in the forum state" that are "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities."[22]

Plaintiffs fail to make the "exceptional case" that nonresident Konzen is "essentially at home" in Nevada.[23] They rely on conclusory statements in their amended complaint[24] and the fact that Konzen is listed as the sole member and manager of two non-party companies that are registered with the Nevada Secretary of State and have their principal places of business in Henderson, Nevada.[25] While these details may support the exercise of jurisdiction over those

---

[19] *See* ECF No. 37 at 5 ("plaintiffs have alleged facts establishing general jurisdiction").

[20] *Schwarzenegger*, 374 at 801.

[21] *Ford Motor Co. v. Montana Eighth Jud. Dis. Ct.*, 141 S.Ct. 1017, 1024 (2021) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).

[22] *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011) (citations omitted).

[23] *Ford Motor Co.*, 141 S.Ct. at 1024.

[24] *See* ECF No. 21 at ¶ 6 ("At all relevant times[,] each of the defendants conducted business in Nevada") and ¶ 8 (". . . Konzen does business in Nevada either directly or as the sole member and/or manager of his affiliated limited liability companies; and certain events that form the basis for this action and which resulted in harm to plaintiffs occurred in this judicial district.").

[25] ECF No. 37 at 4–5.

non-party companies, it does not establish general jurisdiction over Konzen himself.[26] Plaintiffs point to the fact that Konzen's address on those registrations is in Henderson, Nevada, but both list the same business address, not a residential address. So I find Konzen's involvement in non-party businesses insufficient to establish a "continuous and systematic" presence in Nevada and thus grant Konzen's motion to dismiss the claims against him.[27]

**II.    Cervantes and CEC Industries' motion to dismiss is granted in part.**

**A.    Vanguard's breach-of-contract claim is sufficiently pled.**

Cervantes contends that, because the agency agreement was among Dealers Direct, Cervantes, and EDS, Vanguard doesn't have standing to bring its breach-of-contract claim against the agents. Cervantes points to the agreement's anti-assignment clause, which states that "[n]either this [a]greement nor any of the cost of products or commissions, reimbursements, benefits[,] or obligations hereunder may be pledged, assigned[,] or transferred by [a]gent or [EDS], either in whole or in part, in any manner, without mutual written agreement from the parties."[28] So, Cervantes argues, absent an allegation of mutual consent to assignment,

---

[26] *See Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989) (in specific-jurisdiction analysis, noting that "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person"); *Hoag v. Sweetwater Int'l*, 857 F. Supp. 1420, 1426 (D. Nev. 1994) ("Jurisdiction over an individual director or officer of a corporation may not be predicated on the court's jurisdiction over the corporation itself, unless the individual maintains contacts with the forum state that would subject him to coverage of the state's long arm statute and comport with due process.").

[27] Plaintiffs also request jurisdictional discovery if the court finds that it lacks general personal jurisdiction over Konzen and note that they made the same request in a separate discovery motion. ECF No. 37 at 8; ECF No. 38. But the magistrate judge denied that jurisdictional-discovery motion in December 2021, and plaintiffs did not appeal that decision. ECF No. 54 (order denying motion for jurisdictional discovery); Local Rule (L.R.) IB 3-1 (permitting appeal of magistrate-judge discovery orders within 14 days). Because plaintiffs' request has already been considered and denied, I do not address it again here.

[28] ECF No. 21-1 at 5.

Vanguard's purchase of EDS does not make it a party to the agreement, and it thus doesn't have standing to sue for breach. Plaintiffs respond that the anti-assignment clause does not include language that the Nevada Supreme Court requires to be valid.[29] They also note that Cervantes continued accepting payment from Vanguard under the terms of the agreement, indicating that he assented to Vanguard's position as a party to the contract.[30]

"Nevada law favors the free assignability of rights and frowns on restrictions that would limit or preclude assignability, and ordinarily a contractual right is assignable unless the assignment will materially change the contract's terms or the contract expressly precludes assignment."[31] "To be effective, an anti-assignment clause should contain a specific prohibition on the power to make an assignment and specifically state that any attempted assignments will be void or invalid."[32] Because the agreement doesn't contain the necessary "void or invalid" clause, plaintiffs contend that the anti-assignment clause is ineffectual. Defendants do not respond to this contention, instead generally postulating that "[w]ithout the parties' mutual agreement, any assignment . . . would be rendered void by virtue of [the anti-assignment] provision."[33] But the Nevada Supreme Court's standard is clear, and the second requirement of that standard is that anti-assignment provisions must "specifically state" that assignments will be

---

[29] ECF No. 45 at 5.
[30] *Id.* at 6.
[31] *Helix Elec. of Nev., LLC v. APCO Constr., Inc.*, 506 P.3d 1046, 1052 (Nev. 2022).
[32] *Easton Bus. Opp. v. Town Exec. Suites*, 230 P.3d 827, 830 (Nev. 2010).
[33] ECF No. 48 at 2.

void or invalid.[34] That language is absent from the agreement, so I cannot find as a matter of law or contractual interpretation that Vanguard does not have standing to assert this claim.[35]

CEC Industries also argues that, because it is not directly named in the agreement, the claim against it must be dismissed.[36] But the plaintiffs allege that CEC Industries and Dealers Direct Systems are the same entity and thus CEC Industries is held to the agency agreement that obligates Dealers Direct.[37] CEC Industries does not adequately address this point, and at this stage I must take this factual allegation as true. So the breach-of-contract claim survives dismissal.

### B. Plaintiffs' DTSA claim is sufficiently pled.

Plaintiffs allege that Dealers Direct and Cervantes's agency relationship with EDS gave them access to highly confidential information: "a spreadsheet prepared by EDS representative Joseph LaPelusa that detailed the different rates and features of insurance products sold by EDS to Giant RV as compared to the AGWS rates and features."[38] Plaintiffs claim that the defendants misappropriated that information and used it for their own economic benefit.[39] They also theorize that the misappropriated information "had independent economic value" as shown by the defendants' ability to "divert from [p]laintiffs['] income in an amount not less than $75,000

---

[34] *Easton*, 230 P.3d at 830.

[35] In their reply brief, defendants argue that, because Vanguard purchased EDS, Nevada precedent does not permit the assignability of personal services contracts like the agency agreement. ECF No. 48 at 2–3. "Arguments raised for the first time in a reply brief are waived," and I thus do not consider this argument. *Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012).

[36] ECF No. 41 at 5–6.

[37] ECF No. 21 at ¶ 4.

[38] *Id*. at ¶ 49.

[39] *Id*. at ¶ 52.

per month that was generated by the customer whose product rates were shared with" the defendants.[40] The defendants argue that the complaint doesn't detail how they allegedly acquired the trade secrets nor contain "any factual allegations as to what [they] purportedly used [p]lainitffs' purported trade secrets to accomplish" and thus fails to state a claim under the Defend Trade Secrets Act (DTSA).[41]

      To state a claim for misappropriation of trade secrets under the DTSA, a plaintiff must show: "(1) that the plaintiff possessed a trade secret, (2) the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff."[42] Drawing all reasonable inferences in their favor, I find that plaintiffs state a DTSA claim against Dealers Direct and Cervantes.  Plaintiffs allege that the defendants had access to confidential information by way of their agency relationship with EDS.[43]  They also state that they lost business with Giant RV and Thompson RV and that Cervantes directed those clients to Konzen's business and is currently servicing those clients on Konzen's behalf.[44]  They add that the information has economic value, as shown by the diversion of business that was the direct subject of the confidential information.  The reasonable inference from these allegations is that Cervantes and Dealers Direct used confidential information about EDS's clients to undercut EDS

---

[40] *Id.* at ¶ 54.
[41] ECF No. 41 at 7.
[42] *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020) (citing 18 U.S.C. § 1839(5)).
[43] ECF No. 21 at ¶ 48.
[44] *Id.* at ¶¶ 39, 40, 41.

per month that was generated by the customer whose product rates were shared with" the defendants.[40] The defendants argue that the complaint doesn't detail how they allegedly acquired the trade secrets nor contain "any factual allegations as to what [they] purportedly used [p]lainitffs' purported trade secrets to accomplish" and thus fails to state a claim under the Defend Trade Secrets Act (DTSA).[41]

    To state a claim for misappropriation of trade secrets under the DTSA, a plaintiff must show: "(1) that the plaintiff possessed a trade secret, (2) the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff."[42] Drawing all reasonable inferences in their favor, I find that plaintiffs state a DTSA claim against Dealers Direct and Cervantes.  Plaintiffs allege that the defendants had access to confidential information by way of their agency relationship with EDS.[43]  They also state that they lost business with Giant RV and Thompson RV and that Cervantes directed those clients to Konzen's business and is currently servicing those clients on Konzen's behalf.[44]  They add that the information has economic value, as shown by the diversion of business that was the direct subject of the confidential information.  The reasonable inference from these allegations is that Cervantes and Dealers Direct used confidential information about EDS's clients to undercut EDS

---

[40] *Id.* at ¶ 54.

[41] ECF No. 41 at 7.

[42] *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020) (citing 18 U.S.C. § 1839(5)).

[43] ECF No. 21 at ¶ 48.

[44] *Id.* at ¶¶ 39, 40, 41.

and shift its clients to Konzen. So I find that, while disjointed at times, these allegations state a DTSA claim.[45]

### C. Plaintiffs' breach-of-loyalty claim is sufficiently pled.

In their breach-of-loyalty claim, the plaintiffs allege that the defendants owed them a duty of loyalty and noncompetition because of their agency relationship.[46] To plead breach of loyalty—more commonly styled as a breach of fiduciary duty—plaintiffs must allege some special relationship between the parties that gives rise to those duties.[47] Defendants argue that the plaintiffs have not pled facts to show that such a fiduciary duty exists between the parties here. But plaintiffs convincingly show that the agency relationship may be sufficient to satisfy this element. They cite to *LaMon v. Landers*, in which the Nevada Supreme Court recognized that an agent "owes to the principal the highest duty of fidelity, loyalty[,] and honesty in the performance of the duties by the agent on behalf of the principal," noting that an "agent will not be permitted to pervert his authority to his own personal gain in severe hostility to the interests of

---

[45] The defendants question in footnotes whether the information described in the complaint qualifies as a trade secret and whether the plaintiffs are entitled to double damages under the DTSA. ECF No. 41 at 7 n.5 & 6. These arguments are not sufficiently developed to permit the court to fairly consider them, so I disregard them.

[46] ECF No. 21 at ¶¶ 57–65.

[47] *See Mackintosh v. Cal. Fed. Sav. & Loan Ass'n*, 935 P.2d 1154, 1159 (Nev. 1997) (noting special-relationship requirement in duty-to-disclose case); *Powers v. United Servs. Auto. Ass'n*, 979 P.2d 1286, 1287 (Nev. 1999) (noting that a fiduciary relationship "exists when one has the right to expect trust and confidence in the integrity and fidelity of another"); *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 881 (9th Cir. 2007) (finding that, to prove the existence of a special relationship under Nevada law, "a party must show that (1) the conditions would cause a reasonable person to impart special confidence and (2) the trusted party reasonably should have known of that confidence.") (cleaned up)).

9

his principal."[48] Because plaintiffs allege an agency relationship between the parties, I find that their breach-of-loyalty claim is adequately pled.

Defendants next argue that the breach-of-loyalty claim is redundant of plaintiffs' claim for breach of the agency agreement and thus must be dismissed.[49] They state that the plaintiffs alleged breach of loyalty by showing that defendants were "(1) competing with plaintiffs, (2) diverting business from plaintiffs, and (3) deriving a 'material benefit' from a third party in connection with actions taken on behalf of plaintiffs."[50] The defendants argue that the plaintiffs' breach-of-contract claim is predicated on those same allegations, making this a duplicative claim.[51]

Plaintiffs concede that some of the allegations supporting their breach-of-loyalty claim set forth conduct that would also breach the terms of the agency agreement, but "the breaches of duties alleged are not solely based on such conduct."[52] They note that the agency agreement does not require that defendants promptly disclose to plaintiffs relevant business information but that such a duty to disclose is part of an agent's duty under the common law.[53] Because plaintiffs allege the breach of duties that are not contemplated in their written agreement but that

---

[48] *LaMon v. Landers*, 402 P.2d 648, 649 (Nev. 1965) (citing Restatement (Second) of Agency § 387)).

[49] ECF No. 41 at 9.

[50] *Id.* (cleaned up).

[51] *Id.* (citing *Lake at Las Vegas Inv. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 867 F. Supp. 920, 924 (D. Nev. 1994), aff'd 78 F.3d 593 (9th Cir. 1996)) (dismissing breach-of-fiduciary-duty claim because "any fiduciary duty that exists between [the parties] was created solely by contract" and that "the Nevada Supreme Court would not recognize a redundant cause of action").

[52] ECF No. 45 at 8.

[53] *Id.* at 9 (citing Restatement (Second) Agency § 381).

are expected in an agency relationship, I find that the plaintiffs' breach-of-loyalty claim is not redundant of their breach-of-contract claim.

### D. Plaintiffs' fraud claim is dismissed with leave to amend.

Federal Rule of Civil Procedure (FRCP) 9(b) "requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud.'"[54] Those circumstances must include the "'who, what, when, where, and how of the misconduct charged, including what is false or misleading about a statement and why it is false."[55] To support their fraud claim, the plaintiffs allege that Cervantes "lied to EDS about his ability to present products to the RV dealerships that were diverted, while he was at the same time introducing Konzen and the Konzen-affiliated companies and other competitors to those dealerships."[56] They add that, when asked about EDS's loss of business, "Cervantes affirmatively stated that he knew nothing about it and that he had nothing to do with it," although he was actively working with Konzen to divert EDS's business at the time he made that statement.[57] Defendants contend that these statements aren't specific enough to state a claim for fraud because the complaint lacks "any description as to the purported false and misleading statements."[58]

But the plaintiffs offer enough details about the content of the statements. They allege that Cervantes lied when he told EDS that he could not sell AWGS products to Giant RV and Thompson RV, that he affirmatively misrepresented the truth when he told EDS that he knew nothing about those clients ending their business relationships with EDS, and that he was

---

[54] *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)).
[55] *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (cleaned up).
[56] ECF No. 21 at ¶ 78.
[57] *Id.* at ¶ 80–81.
[58] ECF No. 41 at 11.

11

working with Konzen to divert those clients at the time those statements were made. This detail is sufficient to put defendants on notice of the content of the fraudulent statements. Where this fraud claim falters is at the *when* and *to whom* elements. Because that information is omitted, I find that the plaintiffs have failed to plead their fraud claim with the specificity required by Rule 9, and I dismiss this claim with leave to amend it to add these missing details.

### E. Plaintiffs' unjust-enrichment claim is sufficiently pled in the alternative.

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement."[59] But FRCP 8(e)(2) allows a party to present alternative theories of relief "regardless of consistency and whether based on legal, equitable, or statutory grounds."[60] Defendants contend that plaintiffs' unjust-enrichment claim is impermissibly predicated on the agency agreement and must be dismissed. Plaintiffs respond that they may plead an unjust-enrichment claim in the alternative to their breach-of-contract claim and that this claim is based on the agency relationship between the parties that exists independently from the agreement.

As discussed supra, the plaintiffs have alleged that the agency relationship among the parties is also based in the common law, not merely upon the existence of the agency agreement. If defendants ultimately prove that CEC Industries, Vanguard, or both are not parties to the agency agreement, but that CEC Industries collected payment from Vanguard for performing tasks that it, in fact, did not perform, the facts as alleged support an unjust-enrichment claim as to those parties. So I deny the defendants' motion to dismiss this claim.

---

[59] *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997); *see also Clark v. Metro. Life Ins. Co.*, 2009 WL 536830 at *6 (D. Nev. Mar. 3, 2009) ("An unjust[-]enrichment claim cannot be predicated upon an express agreement.").

[60] Fed. R. Civ. P. 8(e)(2).

### F. Plaintiffs may amend their tortious-interference claim.

Finally, I consider the defendants' request to dismiss plaintiffs' tortious-interference claim. The defendants argue that this claim fails because the plaintiffs do not allege any existing or prospective contractual relationship that Cervantes or Dealers Direct allegedly destroyed. Plaintiffs disagree, claiming that they "specifically identified ongoing customer relationships with Giant RV and Thompson RV" that were then diverted by Cervantes.[61] Nevada law recognizes that tortious interference can impact two different types of relationships: existing contractual ones, or prospective ones. To establish a claim for intentional interference with a prospective business advantage, a plaintiff must allege facts demonstrating "(1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct."[62] The prospective relationship need not be a formal contractual one—"interference with a continuing business or other customary relationship not amounting to a formal contract" may suffice.[63] To plead a claim for intentional interference with an existing contractual relationship, a plaintiff must show "(1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage."[64]

---

[61] ECF No. 45 at 11 (citing ECF No. 21 at ¶¶ 27–28, 33–44).

[62] *In re Amerco Derivative Litig.*, 252 P.3d 681, 702 (Nev. 2011) (quoting *Wichinsky v. Mosa*, 847 P.2d 727, 729–30 (Nev. 1993)).

[63] Restatement (Second) of Torts, § 766B, comment c.

[64] *J.J. Indus., LCC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003).

It is unclear which theory the plaintiffs intend to base their tortious-interference claim upon.  If it's a contractual-relationship theory, this claim fails because they don't identify any valid and existing contract among them and their customers Giant RV and Thompson RV.  But if it's a prospective-relationship theory, this claim survives because the plaintiffs do state that they had ongoing customer relationships with both and that the defendants intentionally interfered with those relationships.  They need not identify a prospective, formal contract—the allegation of ongoing business is sufficient.  And it can be reasonably inferred from the complaint that plaintiffs expected the business to continue.  So, I construe this claim as one for tortious interference with prospective business advantage and permit it to proceed.  But if the plaintiffs can allege true facts to support a contractual-interference claim as well, they are granted leave to add that theory, too, as a separately pled claim.[65]

**Conclusion**

IT IS THEREFORE ORDERED that Robert Konzen's motion to dismiss **[ECF No. 30] is GRANTED.**  The claims against Konzen are dismissed for lack of personal jurisdiction.  The Clerk of Court is directed to terminate Konzen as a party to this action.

. . .

. . .

---

[65] Defendants also argue that the damages the plaintiffs seek are barred by the agency agreement. ECF No. 30 at 14–15.  They do not explain what relief they seek by advancing this argument, and they drop the argument in reply.  So I do not consider it.

IT IS FURTHER ORDERED that Jorge Cervantes and CEC Industries' motion to dismiss **[ECF NO. 41] is GRANTED in part**:

- Plaintiffs' fraud claim is dismissed with leave to amend. Plaintiffs are granted leave to amend their tortious-interference claim to add a contractual-interference claim if they can sufficiently plead one. The amended complaint must be filed within ten days of entry of this order.

- The motion is **DENIED in all other respects**.

_____
U.S. District Judge Jennifer A. Dorsey
July 22, 2022