UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Vanguard Dealer Services, LLC, et al.,<br><br>　　Plaintiffs<br><br>v.<br><br>Cervantes, et al.,<br><br>　　Defendants | Case No.: 2:21-cv-01121-JAD-EJY<br><br>**Order Granting Motion to Dismiss Declaratory-Relief Counterclaim, Denying Motion for Leave to Add PAGA Counterclaim, and Granting in Part Motion to Strike Affirmative Defenses**<br><br>[ECF Nos. 62, 63, 75] |

Vanguard Dealer Services, LLC and Motor Dealer Services Group, LLC, d/b/a Expert Dealer Services (EDS) sue Jorge Cervantes and CEC Industries Inc., d/b/a Dealers Direct Consultants for misappropriation of trade secrets, breach of contract, and various state-law torts. The plaintiffs generally allege that they retained Cervantes and Dealers Direct to sell aftermarket products and services to car dealerships, but the defendants breached that agreement by using the plaintiffs' confidential information to divert business to competitor companies. The defendants respond to Vanguard and EDS's operative second-amended complaint with affirmative defenses and a counterclaim seeking a declaration that they were not bound by the agreement because it was rendered void by California's employment laws.

Vanguard and EDS move to dismiss that counterclaim, arguing that it is just a dressed-up affirmative defense and an attempt to assert a private right of action under California statutes that don't allow such suits.[1] And they move to strike 13 of the defendants' affirmative defenses as too vague or otherwise improper.[2] Because the counterclaimants have not stated a valid claim

---

[1] ECF No. 62.

[2] ECF No. 63. Though Vanguard and EDS's motions to dismiss the counterclaim and strike affirmative defenses appear as two entries on the docket at ECF Nos. 62 and 63, respectively, the

for declaratory relief, and because that claim is redundant of their affirmative defenses, I dismiss the counterclaim. And I grant the motion to strike affirmative defenses D, K, L, N, O, P, Q, DD, and II because they lack the requisite notice, but I do so with limited leave to amend.

Cervantes and Dealers Direct also move for leave to amend their counterclaim, arguing that they have now exhausted the administrative prerequisites to assert an additional claim for labor-code violations under the California Private Attorneys General Act (PAGA). Vanguard and EDS oppose that motion, contending that such amendment would be futile because the proposed claim falls beyond PAGA's one-year statute of limitations. I find that the proposed counterclaim is time-barred and amendment would be futile, so I deny that motion for leave to amend.

## Discussion

**A.  Counterclaimants fail to state a cognizable declaratory-relief claim.**

A motion to dismiss a counterclaim brought by a defendant is reviewed under the same plausibility standard as a motion to dismiss a claim under Federal Rule of Civil Procedure (FRCP) 12(b)(6).[3] A federal court may only award declaratory relief "[i]n a case of actual controversy within its jurisdiction."[4] While there is no binding precedent on the validity of standalone claims for declaratory relief,[5] the Ninth Circuit has upheld in an unpublished opinion

---

parties address both motions together in each of their briefs and file the same briefs twice to correspond with the motions entered on the docket. I refer to each first instance of filing only: motions (ECF No. 62), response brief (ECF No. 69), and reply brief (ECF No. 73).

[3] *King County v. Rasmussen*, 299 F.3d 1077, 1090 (9th Cir. 2002) (affirming 12(b)(6) dismissal of the defendant's counterclaims).

[4] 28 U.S.C. § 2201(a).

[5] The parties dispute which law governs this action. Cervantes and Dealers Direct apply California law, while Vanguard and EDS argue for Nevada law, pointing to the Nevada choice-of-law provision in the agency agreement. ECF No. 56-1 at 5. But Vanguard and EDS state that, construing all allegations in the light most favorable to the non-moving party, they

a district court's dismissal of a plaintiff's "request for declaratory relief because [he] had no claim upon which to request relief or remedies."[6] The Fifth Circuit and many district courts in the Ninth Circuit have held that standalone claims for declaratory relief are unavailable.[7]

For their lone counterclaim, Cervantes and Dealers Direct seek "judicial declaration[s] that the [agency agreement on which Vanguard and EDS base their breach-of-contract claims] was rendered void by virtue of California Assembly Bill[s] 5" and 2257, codified as California Labor Code §§ 2775–2785, and that they were thus not bound by that agreement as of January 1, 2020.[8] The plaintiffs argue that this counterclaim is improper because the worker-classification laws do not provide for a private right of action, and the defendants cannot "work[]around th[at] fact by labeling their counterclaim as one for declaratory relief."[9] Cervantes and Dealers Direct respond that they are not "alleging a private right of action under the California Labor Code's worker[-]classification laws" and are instead basing their claim for declaratory relief "upon the

---

"assume[] that [the] defendants may be able to demonstrate that California law applies" and thus make arguments under California law without conceding that it is the governing law in this action. ECF No. 62 at 5, n.2. For the purposes of this order, I assume without deciding that California law applies.

[6] *Lopez v. Wells Fargo Bank, N.A.*, 727 F. App'x 425, 426 (9th Cir. 2018) (unpublished).

[7] *See Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir.), *cert. denied*, 143 S. Ct. 353 (2022) (holding that "the district court properly declined to hear [p]laintiffs' standalone claim to declaratory relief"); *10E, LLC v. Travelers Indem. Co. of Conn.*, 483 F. Supp. 3d 828, 833 (C.D. Cal. 2020) ("Declaratory relief is not a standalone cause of action."); *Williams v. Geico Gen. Ins. Co.*, 497 F. Supp. 977, 985 (W.D. Wash. 2020) (noting that declaratory relief is "derivative of underlying claims" because it is a "form[] of relief, not a standalone claim."); *Dean v. Kaiser Found. Health Plan, Inc.*, 562 F. Supp. 3d 928, 935 (C.D. Cal. 2022) (dismissing plaintiff's declaratory-relief claim "because declaratory relief is a remedy, not an independent claim.").

[8] ECF No. 59 at 15. I use the shorthand "worker-classification laws" to refer to the codified sections at issue.

[9] ECF No. 73 at 2; ECF No. 62 at 5–11.

illegality of the purported [a]greement between the [p]arties."[10]  They contend that declaratory relief is available even without a private right of action, citing *Shell Gulf of Mexico Inc. v. Center for Biological Diversity, Inc.* from the Ninth Circuit and *Lu v. Hawaiian Gardens Casino, Inc.* and *Moradi-Shalal v. Fireman's Fund Insurance Companies* from the Supreme Court of California.[11]

The counterclaimants rely on *Lu* and *Moradi-Shalal* for the proposition that the Supreme Court of California has made declaratory relief available even though the state's labor code does not provide a private right of action.[12]  In *Lu*, an employee brought a class action against his employer, theorizing that its mandatory tip-pooling policy violated § 351 of the California Labor Code.[13]  While the *Lu* court held that § 351 did not provide a private cause of action, it also noted that there was "no apparent reason why other remedies, such as a common[-]law action for conversion, may not be available under appropriate circumstances."[14]  But Cervantes and Dealers Direct are not seeking a remedy based on a common-law claim like conversion, and *Lu* does not discuss declaratory relief whatsoever.  All that *Lu* establishes is that Cervantes and Dealers Direct might pursue other common-law claims to obtain relief—not that they are entitled to plead a claim for declaratory relief.

Counterclaimants' reliance on *Moradi-Shalal* falters for the same reason.  Though they quote the court's statement that "courts retain jurisdiction to impose civil damages or other

---

[10] ECF No. 69 at 7.
[11] ECF No. 62 at 7, 9–10.
[12] ECF No. 69 at 7.
[13] *Lu v. Hawaiian Gardens Casino, Inc.*, 236 P.3d 346, 347 (Cal. 2010).
[14] *Id.* at 353.

remedies . . . in appropriate common[-]law actions[,]"[15] they omit its full context. As the plaintiffs note, the full quote reads: "courts retain jurisdiction to impose civil damages or other remedies against insurers in appropriate common[-]law actions, based on such traditional theories as fraud, infliction of emotional distress, and (as to the insured) either breach of contract or breach of the implied covenant of good faith and fair dealing."[16] The *Moradi-Shalal* court never mentions declaratory relief. Rather, it focuses on the availability of punitive damages and prejudgment interest for traditional common-law claims.[17] And Cervantes and Dealers Direct do not assert claims based on any traditional common-law theories. While they argue that their claim "is centered upon the illegality" of the parties' agency agreement, illegality is not a cause of action entitling the defendants to the statutory remedy of declaratory relief.[18]

      Cervantes and Dealers Direct cite the Ninth Circuit's opinion in *Shell Gulf of Mexico Inc.* for the proposition that a declaratory-relief claim can stand alone if it is justiciable and the court has jurisdiction.[19] But *Shell* details the requirements established under the federal Declaratory Judgment Act—which the defendants do not invoke here—and specifically notes that the statute "does not create new substantive rights, but merely expands the remedies available in federal

---

[15] ECF No. 69 at 7 (quoting *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 758 P.2d 58, 68–69 (Cal. 1988)).

[16] *Moradi-Shalal*, 758 P.2d at 68–69.

[17] *Id.* at 69.

[18] The defendants also cite *California Pacific Bank v. Small Business Administration* for the proposition that the court has a duty to raise *sua sponte* the issue of illegality and that "one cannot estop a party from asserting the illegality of a contract." 557 F.2d 218, 223 (9th Cir. 1977). But in that case, the plaintiff was suing for equitable relief on a breach-of-contract claim, so there was an underlying common-law claim that the additional request for declaratory relief was based on, unlike the situation here.

[19] ECF No. 69 at 9 (quoting *Shell Gulf of Mexico Inc. v. Ctr. For Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014)).

courts."[20]  Cervantes and Dealers Direct are thus missing a legally cognizable claim for which they can seek a declaratory remedy.

None of the authority the counterclaimants cite supports their position that this declaratory-relief claim as pled can stand alone, and they haven't demonstrated that they could cure that deficit if given leave to amend this claim.  Plus, the dismissal of this claim causes them no prejudice because it is entirely redundant of several of their affirmative defenses,[21] so the issues raised by this counterclaim will be adjudicated in this case regardless.  So I grant the motion to dismiss the counterclaim.[22]

**B.     Several of counterclaimants' affirmative defenses must be stricken because they are too vague to give fair notice.**

Motions to strike "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues" before trial.[23]  FRCP 12(f) authorizes district courts to strike "an insufficient defense" from a pleading.  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives [the] plaintiff fair notice of the defense."[24]  The fair-notice pleading standard "generally requires the defendant to state the nature and grounds for the affirmative defense.  It does not, however, require a detailed statement of facts."[25]  For stricken affirmative defenses, FRCP 15(a)(2) directs that "[t]he court should

---

[20] *Shell*, 771 F.3d at 635.

[21] *See* affirmative defenses N–S, V, and W.  ECF No. 59 at 10.

[22] Because I dismiss the counterclaim on this ground, I do not reach the parties' arguments regarding contract severability or whether the contract is void based on illegality.

[23] *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

[24] *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

[25] *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 468 (E.D. Cal. 2013) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)).

freely give leave [to amend] when justice so requires," but leave may be denied if amendment would be futile.

### 1. Affirmative defenses D and K are too vague.

The counterclaimants' affirmative defense D states that the plaintiffs' "claims are barred in whole or in part by the doctrines of laches, waiver, estoppel[,] and all other equitable defenses,"[26] and affirmative defense K states that the plaintiffs' claims are "barred by the equitable doctrine of unclean hands."[27] Vanguard and EDS argue that these defenses state only broad legal concepts and that the reference to "all other equitable defenses" in affirmative defense D is too vague to give proper notice.[28] Cervantes and Dealers Direct respond that their estoppel and unclean-hands defenses, "[w]hen read in conjunction with the factual allegations set forth in the [c]ounterclaim" that the plaintiffs' violated worker-classification laws, provide sufficient notice.[29] They explain that their waiver and laches defenses are based on the allegations in the plaintiffs' complaint that Vanguard and EDS continued working with Cervantes and Dealers Direct for months after the supposed contract breach but did not file a complaint until at least a year later.[30]

Although factual allegations in the counterclaim may support Cervantes and Dealers Direct's estoppel, waiver, and unclean-hands defenses, the dismissal of that counterclaim strips these affirmative defenses of that necessary context, leaving them unable to provide fair notice of their foundation. Defendants' laches and waiver defenses, which the counterclaimants only

---

[26] ECF No. 59 at 9.
[27] Id.
[28] ECF No. 62 at 15–16.
[29] ECF No. 69 at 15.
[30] Id.

explain in their briefing, were too vague from inception. And adding the words "all other equitable defenses" to affirmative defense D fails to accomplish the goal of actually pleading any additional defense. So I strike affirmative defenses D and K with leave to add the factual bases for these defenses.

### 2. *Affirmative defense L is stricken as too vague.*

Affirmative defense L states that Vanguard and EDS are "barred from claiming or recovering any relief because they breached the [agency] [a]greement, or any other agreement between the [p]arties."[31] The plaintiffs contend that this defense fails to provide fair notice because it does not state how they breached the agreement and loosely references "any other agreement" without specifying what those might be.[32] As pled, this affirmative defense only states the nature of the defense—breach of contract—and not the grounds for it. Cervantes and Dealers Direct respond by pointing to facts from their motion to dismiss the plaintiffs' first-amended complaint[33] to support their claim that Vanguard and EDS likely breached the agency agreement.[34] But this response only highlights that the pleading itself lacks the requisite facts. So I strike affirmative defense L with leave to amend to include its factual basis.

### 3. *Affirmative defenses N, O, P, Q, R, V, and W are stricken in part.*

The California Labor Code-violation and public-policy theories underlying Cervantes and Dealers Direct's now-dismissed counterclaim are restated and spread across affirmative defenses N, O, P, Q, R, V, and W.[35] The plaintiffs first argue that "each of these defenses should be

---

[31] ECF No. 59 at 10.
[32] ECF No. 62 at 16.
[33] ECF No. 41.
[34] ECF No. 69 at 16.
[35] ECF No. 59 at 10.

stricken for the same reasons the counterclaim should be dismissed."[36] But the pleading standard that applies to a motion to strike an affirmative defense[37] is less stringent than the standard that applies to the motion to dismiss the counterclaim,[38] and the failure of the counterclaim is not dispositive of the sufficiency of the affirmative defenses.

Vanguard and EDS also contend that these defenses are too vague because the defendants do not specify what public policy the plaintiffs contravened, make references to "other California law" without identifying what those laws are, and don't say in affirmative defense O what portions of "Divisions 2[–]4 of the California Labor Code" the plaintiffs allegedly violated.[39] Cervantes and Dealers Direct respond that the facts alleged in their counterclaim supply those details and that "[i]t goes without saying that if the [a]greement contravenes California's Labor Code, it must also contravene California's public policy."[40]

The defendants need not specify which public policies were violated when those defenses are pled in connection with specific violations of the labor code, as Cervantes and Dealers Direct do in affirmative defenses N, P, and Q. But their vague references to "other California laws" in affirmative defenses N–Q fail to give any hint to the plaintiffs as to what those laws are.[41] Similarly, the defendants' reference in affirmative defense O to Divisions 2–4 of the California Labor Code is too vague to give fair notice. As Vanguard and EDS argue, those divisions cover "hundreds of statutory provisions" and thus cannot put the defendants on notice as to what parts

---

[36] ECF No. 62 at 14.
[37] *Kohler*, 291 F.R.D. at 468; Fed. R. Civ. P. 8(b).
[38] Fed. R. Civ. P. 8(a).
[39] *Id.* at 14–15.
[40] ECF No. 62 at 15.
[41] ECF No. 59 at 10.

9

of the code they are accused of violating.[42] So although affirmative defenses R, V, and W are sufficiently pled, I grant the motion to strike affirmative defenses N, O, P, and Q with leave to amend to either remove references to "other California laws" or to identify what those laws are. And should the defendants replead affirmative defense O, they must also state which sections of Divisions 2–4 of the California Labor Code they rely on.

### 4. *Affirmative defense X stands.*

In affirmative defense X, Cervantes and Dealers Direct state that the "[p]laintiffs' claim for fraud is not pled with sufficient particularity."[43] Vanguard and EDS argue that this defense fails to give sufficient notice because it doesn't explain how their pleading is insufficient.[44] Cervantes and Dealers Direct respond that affirmative defenses "centered upon a party's failure to state a claim are completely proper" under FRCP 12(h)(2).[45]

Courts disagree whether a Rule 12(b)(6)-type assertion can be asserted as an affirmative defense. Some hold that a failure to state a claim is a defect in a plaintiff's prima facie case and a basis only for a motion to dismiss, not a true affirmative defense.[46] Others recognize that the

---

[42] ECF No. 62 at 15; Cal. Lab. Code §§ 200–6002.

[43] ECF No. 59 at 10.

[44] ECF No. 62 at 16.

[45] ECF No. 69 at 18 (citing *Heyman v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 2016 WL 11662273, at *2 (D. Nev. July 22, 2016)).

[46] *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010); *see also Satanic Temple, Inc. v. City of Scottsdale*, 423 F. Supp. 3d 766, 778 (D. Ariz. 2019) ("Courts generally hold that failure to state a claim is not an affirmative defense"); *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."); *McCune v. Munirs Co.*, 2013 WL 5467212, at *3 (E.D. Cal. Sept. 30, 2013); *Comercializadora Recmaq v. Hollywood Auto Mall, LLC*, 2014 WL 3628272, at *17 (S.D. Cal. July 21, 2014).

theory is not a true affirmative defense but find that its inclusion in a responsive pleading is generally authorized by FRCP 12(h)(2), which states that the "[f]ailure to state a claim upon which relief can be granted . . . may be raised" in an answer.[47]  Because FRCP 12(h)(2) expressly permits the defendants to raise an alleged failure to state a claim in their answer, I permit affirmative defense X to stand.

### 5.   *Affirmative defense DD is stricken as too vague.*

Cervantes and Dealers Direct allege in affirmative defense DD that the plaintiffs "have failed to add an indispensable party" to this action.[48]  Vanguard and EDS argue that this affirmative defense must be stricken because it fails to identify that indispensable party.[49]  The defendants respond that they raised this affirmative defense so as not to waive it and that they "are clearly entitled to assert an affirmative defense alleging [the plaintiffs'] failure [to] add an indispensable party, i.e. [Robert] Konzen, in this action."[50]  Because this response essentially concedes that this key fact supporting the defense can be supplied but wasn't, I grant the motion and strike affirmative defense DD with leave to amend to specify the alleged indispensable party.

### 6.   *Affirmative defense II isn't a true affirmative defense.*

Affirmative defense II states that Cervantes and Dealers Direct "reserve the right to assert additional affirmative defenses in the event discovery discloses the existence of said affirmative defenses."[51]  But courts consistently hold that "a reservation of affirmative defenses is not an

---

[47] *Biscayne Cove Condo. Ass'n., Inc. v. QBE Ins. Corp.*, 951 F. Supp. 2d 1292, 1304–05 (S.D. Fla. 2013); Fed. R. Civ. P. 12(h)(2); Fed R. Civ. P. 7(a)(2).
[48] ECF No. 59 at 11.
[49] ECF No. 62 at 15.
[50] ECF No. 69 at 19.
[51] ECF No. 59 at 11.

11

affirmative defense,"[52] and, as Vanguard and EDS argue,[53] the right to amend an answer cannot be reserved; all amendments must be accomplished under FRCP 15.[54]  Because affirmative defense II is not a true affirmative defense, I grant the motion to strike it without leave to amend because amendment would be futile.

**C.     The court denies leave to add the proposed PAGA counterclaim.**

FRCP 15(a)(2) states that the court should freely give leave to amend when justice so requires.[55]  But the court may deny leave to amend based on bad faith, undue delay, prejudice to the opposing party, or futility of amendment.[56]  Cervantes and Dealers Direct move for leave to amend their counterclaim to plead a PAGA claim, arguing that Vanguard and EDS are committing continuous violations of California's labor code by virtue of the parties' agency agreement.[57]  They contend that there is no undue delay in adding this claim because they needed to comply with PAGA's requirement that claimants wait 33 days after filing a notice with California's Labor and Workforce Development Agency (LDWA) before asserting this PAGA claim.[58]  And they aver that this claim is ripe because that waiting period has now lapsed. Vanguard and EDS oppose this motion on the ground that the proposed claim falls outside of

---

[52] *Fed. Trade. Comm'n v. Johnson*, 2013 WL 2460359 at *9 (D. Nev. June 6, 2013) (citing *EEOC v. Timeless Investments, Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010)).

[53] ECF No. 69 at 19–20.

[54] *Timeless Investments, Inc.*, 734 F. Supp. 2d at 1055; Fed. R. Civ. P. 15.

[55] Fed. R. Civ. P. 15(a)(2).

[56] *Roth v. Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).

[57] ECF No. 75.

[58] *Id.* at 6–7; Cal. Lab. Code § 2699.3(c).  Though the counterclaimants state that the wait-time requirement is 65 days, presumably in reference to 2699.3(a)(2), the plaintiffs correctly point out that 2699.3(c), which requires only 33 days, is the relevant statutory section because Cervantes and Dealers Direct allege violations of the California Labor Code other than § 2699.5 or Division 5.

PAGA's one-year statute of limitations.[59] They contend that the limitations period began to run on December 16, 2020—the date of Cervantes's last paycheck—so the counterclaimants had only until December 16, 2021, to file their LWDA notice but did not do so until October 13, 2022.[60]

Cervantes and Dealers Direct attempt to get around this untimeliness challenge by arguing that their PAGA counterclaim is based on a continuing violation. But this semantic characterization is not supported by the factual allegations that underlie this claim. The injury resulting from Cervantes and Dealers Direct's alleged employee misclassification occurred when the counterclaimants were "forc[ed] . . . to incur deductions in compensation for expenses related to" Cervantes's work, allowing Vanguard and EDS to "avoid paying a significant portion of the taxes that should have been paid related to . . . Cervantes['s] employment."[61] This injury would have stopped after Vanguard and EDS's last payment to the counterclaimants—on December 16, 2021—which occurred more than one year before the October 13, 2022, letter, so this claim is time-barred.[62]

The untimeliness of this proposed PAGA counterclaim is not saved by Cervantes and Dealers Direct's attempt to bring it "on behalf of other aggrieved employees."[63] Regardless of whether the counterclaimants can do so, they have not alleged any facts that would support bringing their PAGA claim in a representative capacity. Cervantes and Dealers Direct rely on

---

[59] ECF No. 76 at 4–6.

[60] *Id.* at 5.

[61] ECF No. 75 at 11 (LWDA notice).

[62] *See Santiago v. Amdocs, Inc.*, 2011 WL 1303395 (N.D. Cal. 2011) (holding that plaintiffs' PAGA claim based on wage-and-hour violations was time-barred because they alleged that they last worked for the defendant in April 2009 and their LWDA notice was filed on August 2010).

[63] ECF No. 82 at 6.

the California Court of Appeal case *Johnson v. Maxim Healthcare Services* to support their ability to bring such a third-party PAGA claim. But in that case, the claimant alleged that, beyond her own employment contract, her employer persisted "in requiring employees to sign agreements that contain . . . prohibited terms."[64] Cervantes and Dealers Direct plead no facts to show that Vanguard and EDS have misclassified any other employees or that the injury flowing from their misclassification continues. So I deny the counterclaimants' motion for leave to amend their counterclaim to add a PAGA claim because doing so would be futile.

## Conclusion

IT IS THEREFORE ORDERED that Vanguard and EDS's motion to dismiss Cervantes and Dealers Direct's counterclaim **[ECF No. 62] is GRANTED**. The declaratory-relief counterclaim is dismissed without leave to amend.

IT IS FURTHER ORDERED that Vanguard and EDS's motion to strike affirmative defenses **[ECF No. 63] is GRANTED in part and denied in part:**

- Affirmative defenses D, K, L, N, O, P, Q, and DD are stricken with leave to amend by **June 16, 2023**;
- Affirmative defense II is stricken without leave to amend; and
- Affirmative defenses K, R, V, W, and X stand.

IT IS FURTHER ORDERED that Cervantes and Dealers Direct's motion for leave to amend their counterclaim to add a PAGA claim **[ECF No. 75] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
June 6, 2023

---

[64] *Johnson v. Maxim Healthcare Servs., Inc.*, 66 Cal. App. 5th 924, 932 (2021).